UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEITH H. WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-221 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO SUPPLEMENT COMPLAINT

Plaintiff Keith H. Washington is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is assigned to the McConnell Unit in Beeville, Texas. Plaintiff is appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his health based on extreme heat conditions in both his cell and cell block.

Plaintiff named the following defendants in his original complaint: (1) Bryan Collier, TDCJ Executive Director; (2) Phillip Sifuentes, McConnell Unit Warden; (3) Tanya Lawson, Senior Medical Practice Manager at the McConnell Unit; and (4) University of Texas Medical Branch (UTMB). On August 8, 2018, the undersigned conducted a *Spears*[1] hearing in this case. On August 21, 2018, the undersigned granted Plaintiff's motion to file a supplemental complaint to add claims under the Americans

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

1 / 4

with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794. (D.E. 19).

Plaintiff has submitted a series of motions seeking to further amend his complaint and add certain retaliation claims. (D.E. 25, 28, 30, 32, 34). Plaintiff asserts that, since the filing of his original complaint, he has been subjected to overt acts of retaliation for attempting to access the courts through the filing of civil rights actions. Plaintiff seeks to raise his retaliation claims against the following McConnell Unit officials: (1) Sergeant Joe D. Mireles; (2) Major J. Nunez; (3) Counsel Substitute Mrs. Bryant; and (4) Warden Sifuentes. (D.E. 25, pp. 11-12; D.E. 28, p. 2, D.E. 30, pp. 11-12; (D.E. 32, p. 2). Plaintiff alleges that these officials committed retaliatory acts in connection with a "major" disciplinary action brought against him on August 10, 2018 for a "social media rule violation." (D.E. 30, pp. 6-7).

Rule 15(a) of the Federal Rule of Civil Procedure provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when "justice so requires" rests within the sound discretion of a district court. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless

there is a substantial reason to do so. *Jacobsen v. Osbourne,* 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.,* 3 F.3d 137, 139 (5th Cir. 1993).

Rule 15(d), on the other hand, provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Fifth Circuit has indicated that the same factors that shape a Rule 15(a) motion to amend inquiry also apply to a Rule 15(d) motion. *See Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983). "Leave to supplement should not be granted where a plaintiff attempts to present 'new and different cause[s] of action.'" *Garcia v. Hackman*, No. C-10-311, 2011 WL 2457918, at *19 (S.D. Tex. Jun. 16, 2011) (quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)).

Plaintiff's allegations in support of his new retaliation claims occurred after he filed his original complaint. Nevertheless, regardless whether Plaintiff's motion is evaluated under Rule 15(a) or Rule 15(d), his various motions seeking to add such claims are without merit.

Plaintiff seeks to present a new and different cause of action in his current motions against additional parties. As such, leave to supplement under Rule 15(d) is denied. *See Garcia*, 2011 WL 2457918, at *19. Furthermore, substantial reasons exist to deny Plaintiff's motion to the extent it is construed as a Rule 15(a) motion to amend. Plaintiff's new retaliation claims arose after the filing of his amended complaint and out of separate transactions and occurrences as compared to his deliberate indifference and ADA/RA claims. *See* Fed. R. Civ. P. 20(a) (allowing the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants).

Other than Warden Sifuentes, Plaintiff's new retaliation claims do not involve the same defendants named in this case and are not closely related to the claims in his original complaint. While Plaintiff may not add his new retaliation claims to this case, he may seek to pursue such claims in a separate cause of action. Accordingly, Plaintiff's various motions seeking to add new claims of retaliation, construed as either a Rule 15(a) or Rule 15(d) motion (D.E. 25, 28, 30, 32, 34), are **DENIED without prejudice.** Plaintiff may pursue such claims by filing a separate cause of action.

ORDERED this 4th day of September, 2018.

Jason B. Libby
United States Magistrate Judge